## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

DONALD TANGWALL,

               Plaintiff,

    v.

BANKRUPTCY TRUSTEE LARRY
COMPTON; CABOT CHRISTIANSON,
Attorney for Larry Compton;
BANKRUPTCY JUDGE GARY
SPRAKER; BANKRUPTCY JUDGE
FRED CORBIT; KAY HILL; and MARK
WEBER,

               Defendants.

Case No. 4:18-cv-00007-SLG

## <u>ORDER</u>

Before the Court is Plaintiff's Motion to Recuse Judge Gleason (Docket 3). Mr. Tangwall seeks the recusal of Judge Gleason. He asserts that certain unspecified statements made by the undersigned judge about this case leave him "with great doubt" and that he has "no confidence" in the undersigned judge's "ability to hear this case objectively." He notes that "Judge Gleason has ruled against me in favor of the Defendants in previous litigation all pertaining to this case." *Id.* at 1.

A judge is required to recuse herself under 28 U.S.C. §§ 144, 455 if an objectively reasonable person informed of the facts would conclude that the judge's impartiality might reasonably be questioned were the judge to continue to hear the case. *DeNardo v. Municipality of Anchorage*, 974 F.2d 1200, 1201 (9th Cir. 1992); *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986). Mr. Tangwall bears the burden of proving facts that would justify recusal. *Id.* Mr. Tangwall's motion appears to be based on his disagreement with the Court's prior rulings against him in prior proceedings. This is not a valid basis for

recusal.

As explained by the United States Supreme Court,

> judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. *See United States v. Grinnell Corp.,* 384 U.S., at 583, 86 S.Ct., at 1710. In and of themselves (*i.e.,* apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required (as discussed below) when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible. An example of the latter (and perhaps of the former as well) is the statement that was alleged to have been made by the District Judge in *Berger v. United States,* 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481 (1921), a World War I espionage case against German–American defendants: "One must have a very judicial mind, indeed, not [to be] prejudiced against the German Americans" because their "hearts are reeking with disloyalty." *Id.,* at 28 (internal quotation marks omitted). *Not* establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration—remain immune.

*Liteky v. United States*, 510 U.S. 540, 555–56(1994).

In light of the foregoing, Mr. Tangwall's motion to recuse at Docket 3 is DENIED.

DATED this 16th day of March, 2018 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

4:18-cv-00007-SLG, *Tangwall v. Bankruptcy Trustee Larry Compton, et al.*
Order re Motion to Recuse
Page 2 of 2