# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DONALD TANGWALL,<br><br>    Plaintiff,<br><br>  v.<br><br>BANKRUPTCY TRUSTEE LARRY COMPTON, et al.,<br><br>    Defendants. | Case No. 4:18-cv-00007-SLG |

## **VEXATIOUS LITIGANT ORDER AND ORDER OF DISMISSAL**

Before the Court at Docket 5 and Docket 7 are Defendant Bankruptcy Trustee Larry Compton's ("Trustee") Motions to Declare Donald Tangwall a Vexatious Litigant and Require Pre-Filing Order for Him to File Any Pleadings and to Dismiss Case.[1] Plaintiff Donald Tangwall opposed the motions at Docket 10 and Docket 12. Trustee replied at Docket 11. Oral argument was held on June 29, 2018, at Fairbanks, Alaska.[2]

The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1334(a).

## **BACKGROUND**

Mr. Tangwall has an extensive litigation history in the courts that began more than twenty years ago and spans across the United States. The record in this case demonstrates that Mr. Tangwall has filed multiple motions, cases, and appeals on the

---

[1] The two motions are identical in terms of substance but were filed twice pursuant to Local Civil Rule 7.1(l) (motions "may not be combined into a single document but must be filed separately.").

Also before the Court is Mr. Tangwall's Motion for Order to Show Cause at Docket 24. In light of the Court's rulings in this order, that motion will be denied as moot.

[2] Docket 29 (Minute Entry).

same issue to different courts.[3]  The current action was initiated by Mr. Tangwall in March, 2018.  Mr. Tangwall filed a petition seeking for the district court "to take control" of two cases in the Alaska Bankruptcy Court, case number 11-00939 and case number 12-00501.[4]  The long history of the bankruptcy proceedings is not set out here; it is set forth in an order entered by this Court in a prior case concerning the same bankruptcy proceedings, which summary the Court adopts herein by reference.[5]

The history of the bankruptcy proceedings is also set out in a Memorandum Decision entered by the Bankruptcy Court on May 3, 2017.  On that same day, the Bankruptcy Court issued an order declaring Donald A. Tangwall a vexatious litigant and denying Mr. Tangwall's motion to find all judgments, orders, and memorandum void ab initio.[6]  Mr. Tangwall appealed both orders to the Bankruptcy Appellate Panel, which affirmed them both on April 6, 2018.[7]

---

[3] *See generally* Docket 6-1 through 6-10 (orders from other court cases involving Mr. Tangwall).

[4] Docket 1 (Petition) at 1.

[5] *Bertran, et al. v. Compton, et al.*, Case No. 4:16-cv-0022-SLG, Docket 59 (D. Alaska March 20, 2017) (Decision & Order on Appeal).

[6] *See In re Bertran*, No. F12-00501-FC, 2017 WL 1806503, at *8 (Bankr. D. Alaska May 3, 2017). Regarding Mr. Tangwall's motion, the Bankruptcy Court held, "The court finds that the jurisdictional issues have already been litigated and decided and that there are no facts presented to support Mr. Tangwall's claims of an alleged bias of the court.  Indeed, even if there were facts to support this allegation, the time to present those arguments has long passed." *Id.*  The Bankruptcy Court's vexatious litigant order was in response to the Trustee's motion seeking such an order.  Since the entry of that order, Mr. Tangwall has continued to file motions and other documents in the bankruptcy case, which the Bankruptcy Court has denied as being frivolous or otherwise not in accordance with its vexatious litigant order.  *See, e.g.*, Case No. F12-00501-CF, Docket 329 (Order Denying Donald A. Tangwall's Attempted Filings of August 16, 2018); Case No. F12-00501-CF, Docket 314 (Order Denying Donald A. Tangwall's Attempted Filing of June 6, 2018).

[7] *In re Bertran*, BAP No. AK-17-1139-LBF, 2018 WL 1704306 (BAP April 6, 2018).  The BAP's Memorandum Decision also contains a thorough recounting of the history of the bankruptcy proceedings.

Case No. 4:18-cv-00007-SLG, *Tangwall v. Bankruptcy Trustee Larry Compton, et al.*
Vexatious Litigant Order and Order of Dismissal
Page 2 of 12

On March 5, 2018, Mr. Tangwall initiated this case by filing a Petition for Superintending Control.[8] Mr. Tangwall alleges that the actions of numerous judges and lawyers involved in the bankruptcy proceedings "smacked of collusion" and he states that "this Court needs to take control of the two bankruptcy estates referenced above and order an investigation or such other remedy as this Court deems just."[9] On March 21, 2018, the Trustee filed the two instant motions. One motion recounts Mr. Tangwall's extensive litigation history and requests that the Court declare Mr. Tangwall a vexatious litigant.[10] The other motion requests that the Petition for Superintending Control be dismissed with prejudice.[11]

## DISCUSSION

### I. The Court has Authority to Impose Filing Restrictions on Litigants

Under the All Writs Act, 28 U.S.C. § 1651(a), the Court has the authority to impose filing restrictions, such as a pre-filing order, on abusive litigants.[12] Because such orders constrain a litigant's fundamental right of access to the courts, however, they should rarely be used and only if courts comply with certain procedural and substantive requirements.[13] Before imposing pre-filing restrictions, a court must:

> (1) give litigants notice and an opportunity to oppose the order before it is entered; (2) compile an adequate record for appellate review, including a

---

[8] Docket 1 (Petition).

[9] Docket 1 at 2. In his petition, Mr. Tangwall identifies himself as a "debtor in bankruptcy case number 11-000939." Docket 1 at 1. On February 16, 2016, a final decree was entered in that case and the case was closed. *See* Case No. F11-00939-HAR.

[10] Docket 7 at 35.

[11] Docket 7 at 35.

[12] *Ringgold–Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1061 (9th Cir. 2014) (citing *DeLong v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990)).

[13] *Id.* at 1062 (quoting *DeLong*, 912 F.2d at 1147–48).

Case No. 4:18-cv-00007-SLG, *Tangwall v. Bankruptcy Trustee Larry Compton, et al.*
Vexatious Litigant Order and Order of Dismissal
Page 3 of 12

> listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as to closely fit the specific vice encountered.[14]

The first two requirements are procedural. The latter two requirements are substantive; they are designed to help a court define "who is, in fact, a 'vexatious litigant' and construct a remedy that will stop the litigant's abusive behavior while not unduly infringing the litigant's right to access the courts."[15] The Court addresses each in turn as follows:

### A. Notice and the Opportunity to Oppose the Order

In this case, the first requirement—notice and an opportunity to oppose—has been provided to Mr. Tangwall. Mr. Tangwall responded to the Trustee's motion with a number of filings, all of which the Court has considered.[16] Mr. Tangwall also had the opportunity to oppose the motion at the oral argument on June 29, 2018.[17]

### B. Adequate Record of Cases and Motions

The second requirement directs a Court to compile an adequate record for appellate review, including a listing of the cases and motions that led it to conclude that a vexatious litigant order is needed. The record "needs to show . . . that the litigant's activities were numerous or abusive."[18] The Trustee's motion and exhibits thoroughly document Mr. Tangwall's litigation activities in various other proceedings at various

---

[14] *Id.* (quoting *DeLong*, 912 F.2d at 1147–48).

[15] *Id.* (quoting *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1058 (9th Cir. 2007)).

[16] *See* Docket 10; Docket 12; Docket 13 (Tangwall Decl.); Docket 14 (Tangwall Brief); Docket 15 (Tangwall Supplemental Brief). The Court has also considered Mr. Tangwall's most recent filing at Docket 30 (Judicial Notice).

[17] *See* Docket 29.

[18] *See Molski,* 500 F.3d at 1057 (quoting *De Long,* 912 F.2d at 1147).

Case No. 4:18-cv-00007-SLG, *Tangwall v. Bankruptcy Trustee Larry Compton, et al.*
Vexatious Litigant Order and Order of Dismissal
Page 4 of 12

federal and state venues, including Michigan, Illinois, Tennessee, Montana, and the Northern Mariana Islands.[19] Indeed, Mr. Tangwall has been declared to be a vexatious litigant by at least three other courts.[20] Mr. Tangwall does not dispute the accuracy of these court filings.

Several of Mr. Tangwall's cases involve him being found to have fraudulently conveyed assets to other entities (frequently to a trust to which he is the trustee) and then attempting to protect the fraudulent transfers by filing countless documents and appeals that lack merit and legal or factual support.[21] Other cases involve Mr. Tangwall's representing trusts or corporate entities without a license to practice law.[22] The Court adopts the Trustee's listing of the cases and the orders entered therein and concludes from that listing that a vexatious litigant order is needed.[23]

C. Substantive Findings of Frivolousness or Harassment

The third requirement directs the Court to examine both the number and content

---

[19] *See* Docket 6-1 through 6-10 (copies of orders entered in other state court proceedings) and Docket 6 at 12–16 (identifying thirteen prior cases in which Mr. Tangwall was involved).

[20] (1) Michigan federal court (order entered January 6, 1992, in *Borock v. Dalby, et al.*, Case No. 91–CV–76364 DT in the United States District Court for the Eastern District of Michigan, Southern Division) (in this record at Docket 6-1); (2) Montana state court (order entered May 10, 2011, in *Tangwall v. Edwards, et al.*, Case No. DV–11–08 in the Montana Fourteenth Judicial District Court, Musselshell County) (in this record at Docket 6-2); and (3) Alaska federal bankruptcy court (order entered May 3, 2017, in *In re Bertran*, Case No. F12-00501-FC in the United States Bankruptcy Court, District of Alaska), aff'd *In re Bertran*, BAP No. AK-17-1139-LBF, 2018 WL 1704306 (April 6, 2018) (in this record at Docket 6-8). The Montana state court entered another vexatious litigant order against Mr. Tangwall on July 22, 2011, in Case No. DV-11-18.

[21] *See Huebner v. Tangwall*, No. 3:04-0759, 2006 WL 2238960, at *1 (M.D. Tenn. Aug. 4, 2006); *In re Dalby,* 956 F.2d 268 (6th Cir. 1992).

[22] *See Lazy 'L' Family Pres. Tr. v. First State Bank of Princeton*, 521 N.E.2d 198, 200–01 (Ill. App. 2 Dist. 1988).

[23] *See* Dockets 5 and 6. In addition, Mr. Tangwall has recently filed another case with the District of Alaska again seeking to appeal from the bankruptcy court's determinations in F12-00501. *Tangwall v. Compton*, Case No. 4:18-cv-00031-RRB.

Case No. 4:18-cv-00007-SLG, *Tangwall v. Bankruptcy Trustee Larry Compton, et al.*
Vexatious Litigant Order and Order of Dismissal
Page 5 of 12

of the litigant's filings to determine whether they are frivolous and/or harassing. The Court finds that Montana State Court Judge David Cybulski succinctly and accurately described Mr. Tangwall's vexatious litigation history as follows:

> Mr. Tangwall's litigation history . . . demonstrates his twenty-plus-year history of filing frivolous and patently meritless lawsuits, and demonstrates that he has no intention of refraining from such practices without intervention of the Court.
> 
> . . .
> 
> Mr. Tangwall's history in other jurisdictions . . . demonstrates that he has a long and storied history of vexatious ligation practice and procedure. He has been notified on numerous occasions that he is not allowed to represent corporate entities or other parties, but he continues to do so. Courts lament his lack of clarity, or his filings' lack of any basis in law or fact, or his bad faith, and yet such actions continue. In all practicality, the only way to rein in Mr. Tangwall's vexatious litigation is to require that he submit all proposed filings to the Court for preapproval, in order to avoid needlessly dragging innocent would-be defendants into the court system, and thereby wasting large amounts of the Court's time—time that would be better served on real cases.[24]

Even if the Court were to consider solely the cases in the Alaska Bankruptcy Court and in this Court, there is ample evidence to support findings of frivolousness and harassment. Mr. Tangwall has made numerous and redundant filings, nearly all of which lack any basis in the fact or law.[25] Yet each of Mr. Tangwall's motions were duly heard

---

[24] *Tangwall v. Edwards, et al.*, Case No. DV–11–08 in the Montana Fourteenth Judicial District Court, Musselshell County) (May 10, 2011) (in this record at Docket 6-2 at 13, 14).

[25] Mr. Tangwall, through counsel, did successfully persuade the Alaska Supreme Court that under Alaska Statute 34.40.110(k), Alaska would appear to have exclusive jurisdiction over a fraudulent transfer action brought against an Alaska trust. However, the state court then ruled that AS 34.40.110(k) violated the Supremacy Clause of the United States Constitution insofar as it purported to limit federal jurisdiction. *Toni 1 Trust v. Wacker*, 413 P.3d 1199 (Alaska 2018). The Court takes judicial notice of this decision; it was discussed at the June 2018 oral argument in this case. *See also* Docket 30 at 6 (excerpt of Supreme Court opinion). The Court also notes Mr. Tangwall's observation that the Bankruptcy Court expressed concern regarding the validity of service of the Montana fraudulent transfer judgment, and that court's observation that the Trustee then "decided to finesse th[at] procedural issue by bring[ing] his own fraudulent transfer claims in th[e] bankruptcy case." *See* Docket 30 at 7 (excerpt from Memorandum Decision dated Oct. 15, 2013, in Bankruptcy Case No. 12-90037). Neither of these judicial determinations changes the

Case No. 4:18-cv-00007-SLG, *Tangwall v. Bankruptcy Trustee Larry Compton, et al.*
Vexatious Litigant Order and Order of Dismissal
Page 6 of 12

by the Alaska Bankruptcy Court or this Court or the Bankruptcy Appellate Panel or the Ninth Circuit, and they have required numerous responsive filings from the Trustee. The Court does not dispute that Mr. Tangwall had the right to seek redress with the courts as to ownership of the Montana Property. A litigant is entitled to his or her day in court. But Mr. Tangwall has had many days in many courts, yet he steadfastly refuses to accept the courts' decisions.

The following is a glimpse of trial cases and appeals that are related to the Montana Property:

- Case No. F11–00939–HAR
- Adv. No. F14–90016–HAR
- Adv. No. F14–90020–HAR
- Case No. 4:16–cv–00022-SLG
- Case No. 4:16–cv–00024
- Case No. 4:16–cv–00029–SLG
- Case No. 12–00501–HAR (multiple appeals)
    - Appealed to this Court, the U.S. District Court for Alaska, Case No. 4:16–cv–00022–SLG, affirmed the Bankruptcy Court's jurisdiction to enter the Order Approving the Sale of real property in Montana. Appealed by Mr. Tangwall to the Ninth Circuit, No. 17–35334; appeal dismissed.
    - Appealed to this Court, the U.S. District Court for Alaska, Case No. 4:16–cv–00029– SLG; dismissed as untimely.

Court's view that Mr. Tangwall's overall litigation activities demonstrate frivolousness and harassment.

Case No. 4:18-cv-00007-SLG, *Tangwall v. Bankruptcy Trustee Larry Compton, et al.*
Vexatious Litigant Order and Order of Dismissal
Page 7 of 12

- o Appealed to the Ninth Circuit; Case No. 14–60011; dismissed for being frivolous.
- o Appealed to the Bankruptcy Appellate Panel; Case No. AK–13–1560.
- o Appealed to the Bankruptcy Appellate Panel; Case No. AK–13–1573.
- o Appealed to this Court, the U.S. District Court for Alaska, Case No. 4:18-cv-00031-RRB.
- Case No. 4:17–cv–00004 TMB
- Case No. 4FA–17–01675 Cl

The above summary leads the Court to conclude that Mr. Tangwall has caused needless expense to other parties and has posed an unnecessary burden on the courts and their personnel. The Court shares the Trustee's concerns that Mr. Tangwall will continue to burden the bankruptcy estate's resources, the Bankruptcy Court, this Court, and other courts. Thus, the Court makes a substantive finding of frivolousness and harassment as to Mr. Tangwall's litigation activities.

D. Tailor the Vexatious Order Narrowly

The fourth and final requirement is that the pre-filing order must be narrowly tailored to the vexatious litigant's wrongful behavior.[26] Narrowly tailored orders are needed "to prevent infringement on the litigator's right of access to the courts."[27] In this case, the Court finds that Mr. Tangwall is a vexatious litigant and that the proper order requires Mr. Tangwall to obtain preapproval from the Court before filing any further

---

[26] See *Wood*, 705 F.2d at 1523–26 (restricting plaintiff from filing new actions paralleling the issues being litigated in the case and preventing him from re-litigating issues decided in two other cases).

[27] *Sires*, 748 F.2d at 51; *see also Wood*, 705 F.2d at 1525 ("If used too freely or couched in overly broad terms, injunctions against future litigation may block free access to the courts.").

Case No. 4:18-cv-00007-SLG, *Tangwall v. Bankruptcy Trustee Larry Compton, et al.*
Vexatious Litigant Order and Order of Dismissal
Page 8 of 12

documents in this Court other than a notice of appeal. The Court assures Mr. Tangwall that it will approve for filing any complaint, pleading, or other document if such document adequately demonstrates a basis in law and conforms to the federal and local rules.

## II.     Motion to Dismiss

Mr. Tangwall's Petition for Superintending Control at Docket 1 fails to meet the Federal Rule of Civil Procedure 8(a)(2) requirement that a pleading seeking relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  The Court interprets Mr. Tangwall's petition as seeking the recusals of the respective bankruptcy judges.  However, bankruptcy judges are subject to recusal only under 28 U.S.C. § 455;[28] and the decision of whether a judge should recuse himself under 28 U.S.C. § 455 is generally made by the judge in the proceeding at issue.[29]  Therefore, this action will be dismissed for failure to state a claim.  The dismissal will be with prejudice, because the Court finds that proceeding with this case would be futile when Mr. Tangwall has another appeal of the bankruptcy case pending before this Court.

## CONCLUSION

Based on the evidence presented above, the Court finds:

---

[28] Fed. R. Bankr. P. 5004(a) ("A bankruptcy judge shall be governed by 28 U.S.C. § 455, and disqualified from presiding over the proceeding or contested matter in which the disqualifying circumstances arises or, if appropriate, shall be disqualified from presiding over the case"); *In re Goodwin*, 194 B.R. 214, 221 (B.A.P. 9th Cir. 1996) ("Bankruptcy judges are subject to recusal only under section 455.").

[29] 28 U.S.C. § 455(a) ("Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."); *see Matter of Horton*, 621 F.2d 968, 970 (9th Cir. 1980) ("Whether it is wise for a judge to withdraw from a case when legally sufficient reasons for recusal cannot be presented must be left to the informed discretion of the trial judge."); *Weiss v. Hunna*, 312 F.2d 711 (2d. Cir. 1963) (disqualification of judge for being so related or connected with any party or attorney as to render it improper for him to sit is generally a matter confided to conscience of particular judge).

Case No. 4:18-cv-00007-SLG, *Tangwall v. Bankruptcy Trustee Larry Compton, et al.*
Vexatious Litigant Order and Order of Dismissal
Page 9 of 12

1. Donald Tangwall (a/k/a Don Tangwall, Donald A. Tangwall, Tangwall), in his individual capacity and in his capacity as trustee, former trustee, or trust protector for the Toni 1 Trust, is a vexatious litigant.

2. This order does not block Mr. Tangwall's access to the judicial system; rather, it is intended to ensure that any potential filing made by Mr. Tangwall in the District of Alaska is not frivolous and is filed in good faith, prior to involving other parties.

Therefore, based on the findings set forth above and the record in this case:

**IT IS ORDERED:**

1. Trustee's Motion to Declare Donald Tangwall a Vexatious Litigant and Require Pre-Filing Order for Him to File Any Pleadings at Docket 5 is GRANTED.

2. Mr. Tangwall's Motion for Order to Show Cause at Docket 24 is DENIED as moot.

3. Donald Tangwall (a/k/a/ Don Tangwall, Donald A. Tangwall, Tangwall), in his individual capacity and in his capacity as trustee, former trustee, or trust protector for the Toni 1 Trust, is permanently enjoined from filing any complaints, pleadings, or other documents in this Court without obtaining express prior written permission of this Court.[30]

4. Such permission may be obtained by attaching to any proposed complaint, pleading, or other filing a document captioned "Application Seeking Leave to File" ("Application"). The Application MUST be supported by a declaration

---

[30] This order does not apply to a notice of appeal of this order or any other final orders issued by the United States District Court for the District of Alaska.

Case No. 4:18-cv-00007-SLG, *Tangwall v. Bankruptcy Trustee Larry Compton, et al.*
Vexatious Litigant Order and Order of Dismissal
Page 10 of 12

under penalty of perjury signed by Mr. Tangwall stating: (1) that the matters asserted in the complaint, pleading, or other filing have never been raised and disposed of on the merits by any court; (2) that the claim or claims are not frivolous, or made in bad faith, or made for purposes of harassment; and (3) that Mr. Tangwall has conducted a reasonable investigation of the facts, and his investigation supports the claims or allegations.[31] In addition, a copy of this order shall be attached to any Application. The Application, a copy of this order, and the proposed document may be mailed or delivered directly to the Clerk's Office of the United States District Court for the State of Alaska. Upon receipt of the Application, the Clerk's Office shall file and docket the Application only and then receive-stamp the underlying documents. The Clerk's Office shall then promptly forward the Application and proposed filing to Judge Sharon L. Gleason for her review. Unless directed otherwise by the Court, counsel or other parties to the case shall not file any response or reply to the Application.

5. If Donald Tangwall (a/k/a Don Tangwall, Donald A. Tangwall, Tangwall), in his individual capacity or in his capacity as trustee, former trustee, or trust protector for the Toni 1 Trust, fails to follow the terms of this order and attempts to file complaints, pleadings, or other documents without the Application, the Clerk's Office shall only receive-stamp the materials and send them to Judge Sharon L. Gleason for her review. The materials should not be filed with the

---

[31] *See generally* Fed. R. Civ. P. 11(b).

Case No. 4:18-cv-00007-SLG, *Tangwall v. Bankruptcy Trustee Larry Compton, et al.*
Vexatious Litigant Order and Order of Dismissal
Page 11 of 12

Court; however, it should be noted on the docket of the case that the materials have been sent to Judge Sharon L. Gleason for her consideration.

6. This Court will disapprove and deny the filing of any proposed complaint, pleading, or other document which fails to include the preceding information, as required by this order, or which fails to otherwise set forth substantive arguments based on federal or state law, or which fails to follow the rules of the Federal Rules of Civil Procedure and the local rules adopted by the Alaska District Court.

7. Failure to comply with this order will be sufficient grounds to deny any Application made by Donald Tangwall.

8. The Court retains jurisdiction over Donald Tangwall to ensure compliance with this order.

9. The Trustee's Motion to Dismiss at Docket 7 is GRANTED for the reasons set forth above. Mr. Tangwall's petition at Docket 1 is DISMISSED with prejudice. The Clerk of Court is directed to enter a final judgment accordingly.

DATED this 3rd day of October 2018, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 4:18-cv-00007-SLG, *Tangwall v. Bankruptcy Trustee Larry Compton, et al.*
Vexatious Litigant Order and Order of Dismissal
Page 12 of 12