# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DONALD TANGWALL,<br><br>               Plaintiff,<br><br>    v.<br><br>BANKRUPTCY TRUSTEE LARRY COMPTON, *et al.*,<br><br>               Defendants. | Case No. 4:18-cv-00007-SLG |

## NOTICE OF INTENT TO ENTER SUPPLEMENTAL VEXATIOUS LITIGANT ORDER

On October 3, 2018, this Court granted Defendant Bankruptcy Trustee Larry Compton's Motion to Declare Donald Tangwall a Vexatious Litigant and Require Pre-Filing Order for Him to File Any Pleadings.[1] After reviewing Mr. Tangwall's extensive litigation history in this Court and elsewhere, the Court found that "Donald Tangwall (a/k/a Don Tangwall, Donald A. Tangwall, Tangwall), in his individual capacity and in his capacity as trustee, former trustee, or trust protector for the Toni 1 Trust, is a vexatious litigant."[2] The Court ordered that Mr. Tangwall be "permanently enjoined from filing any complaints, pleadings, or other documents in this Court without obtaining express prior written permission of this

---

[1] Docket 31 (Vexatious Litigant Order).

[2] Docket 31 at 10.

Court."[3] The Court detailed the following steps for Mr. Tangwall to obtain permission to file:

> Such permission may be obtained by attaching to any proposed complaint, pleading, or other filing a document captioned "Application Seeking Leave to File" ("Application"). The Application MUST be supported by a declaration under penalty of perjury signed by Mr. Tangwall stating: (1) that the matters asserted in the complaint, pleading, or other filing have never been raised and disposed of on the merits by any court; (2) that the claim or claims are not frivolous, or made in bad faith, or made for purposes of harassment; and (3) that Mr. Tangwall has conducted a reasonable investigation of the facts, and his investigation supports the claims or allegations. In addition, a copy of this order shall be attached to any Application.[4]

The Court assured Mr. Tangwall "that it will approve for filing any complaint, pleading, or other document if such document adequately demonstrates a basis in law and conforms to the federal and local rules."[5] The Court retained jurisdiction over Mr. Tangwall to enforce the Vexatious Litigant Order.[6]

However, Mr. Tangwall has repeatedly failed to abide by the Vexatious Litigant Order. Mr. Tangwall continues to make numerous filings that are not in conformance with the requirements of the Vexatious Litigant Order and he uses other individuals and entities to make filings on his behalf to circumvent the

---

[3] Docket 31 at 10.

[4] Docket 31 at 10–11.

[5] Docket 31 at 9.

[6] Docket 31 at 12.

Case No. 4:18-cv-00007-SLG, *Tangwall v. Compton, et al.*
Notice of Intent to Enter Supplemental Vexatious Litigant Order    Page 2 of 16
Case 4:18-cv-00007-SLG   Document 123   Filed 05/18/20   Page 2 of 16

Vexatious Litigant Order entirely. Accordingly, and for the reasons discussed below, the Court intends to enter a Supplemental Vexatious Litigant Order to address Mr. Tangwall's ongoing vexatious conduct.

## LEGAL STANDARD

Under the All Writs Act, 28 U.S.C. § 1651(a), the Court can impose filing restrictions on abusive litigants, including pre-filing orders.[7] However, because such orders constrain a litigant's fundamental right of access to the courts, filing restrictions should rarely be used and only if the courts comply with certain procedural and substantive requirements.[8] Specifically, prior to imposing restrictions on litigants, a court must:

> (1) give litigants notice and "an opportunity to oppose the order before it [is] entered"; (2) compile an adequate record for appellate review, including "a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed"; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as "to closely fit the specific vice encountered."[9]

The first two requirements are procedural, and the latter two are substantive and designed to help a court "define who is, in fact, a 'vexatious litigant' and

---

[7] *Ringgold-Lockhart v. Cty. of L.A.*, 761 F.3d 1057, 1061 (9th Cir. 2014) (citing *DeLong v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990)).

[8] *Id.* at 1062 (quoting *DeLong*, 912 F.2d at 1147–48).

[9] *Id.* (quoting *DeLong*, 912 F.2d at 1147–48) (alteration in original).

Case No. 4:18-cv-00007-SLG, *Tangwall v. Compton, et al.*
Notice of Intent to Enter Supplemental Vexatious Litigant Order　　　　Page 3 of 16
Case 4:18-cv-00007-SLG   Document 123   Filed 05/18/20   Page 3 of 16

construct a remedy that will stop the litigant's abusive behavior while not unduly infringing the litigant's right to access the courts."[10]

**DISCUSSION**

In the Vexatious Litigant Order, the Court examined Mr. Tangwall's extensive litigation history, including a compilation of his cases and motions, and made a substantive finding of frivolousness and harassment after "conclud[ing] that Mr. Tangwall has caused needless expense to other parties and has posed an unnecessary burden on the courts and their personnel."[11] The Court will not will not reiterate those findings here, but they remain relevant to the Court's analysis. Instead, the Court will consider and address Mr. Tangwall's conduct subsequent to entry of the Vexatious Litigant Order.

### A. Notice and the Opportunity to Oppose

The Court provides Mr. Tangwall with notice of its intent to enter a Supplemental Vexatious Litigant Order, as detailed below. The Court will allow Mr. Tangwall an opportunity to respond and oppose its entry **within 28 days** of this notice.

### B. Adequate Record of Cases and Motions

The Court must compile an adequate record for appellate review, including a listing of the cases and motions that led it to conclude a vexatious litigant order

---

[10] *Id.* (quoting *Molski v. Evergreen Dynasty, Co.*, 500 F.3d 1047, 1058 (9th Cir. 2007)).

[11] Docket 31 at 4–8.

Case No. 4:18-cv-00007-SLG, *Tangwall v. Compton, et al.*
Notice of Intent to Enter Supplemental Vexatious Litigant Order        Page 4 of 16
Case 4:18-cv-00007-SLG   Document 123   Filed 05/18/20   Page 4 of 16

is needed. The record "needs to show . . . that the litigant's activities were numerous or abusive."[12]

Since entry of the Vexatious Litigant Order, Mr. Tangwall has attempted filings in this Court on at least twenty-five occasions beginning on November 9, 2018 and continuing up through April 28, 2020.[13] These attempts included the following filings:

- Motion to Reconsider Vexatious Litigant Order and Order of Dismissal Ordered 10-3-2018 and Judgment Entered in a Civil Case Entered 10-4-2018[14]

- A Complaint for Deprivation of Civil Rights Under Color of Law[15]

- Motion to recuse the undersigned judge[16]

- A complaint against two Alaska state court clerks, several Alaska state judges, and the undersigned judge[17]

- Entry of Default in *Donnellan v. First American Title Insurance Company*, Case No. 4:19-cv-0009-DMS[18]

---

[12] *De Long*, 912 F.2d at 1147.

[13] *See* Dockets 33, 37, 38, 40, 45, 46, 58, 59, 60, 61, 76, 77, 78, 79, 84, 86, 87, 100, 104, 108, 115, 117, 118, 119, 121 and 122.

[14] Docket 33.

[15] Docket 37.

[16] Docket 40.

[17] Docket 45.

[18] Docket 46.

Case No. 4:18-cv-00007-SLG, *Tangwall v. Compton, et al.*
Notice of Intent to Enter Supplemental Vexatious Litigant Order    Page 5 of 16
Case 4:18-cv-00007-SLG   Document 123   Filed 05/18/20   Page 5 of 16

- Motion for Clarification and Reconsideration in *Buscher v. Tangwall*, Case No. 4:19-cv-00018[19]

- A complaint against William R. Satterberg Jr., Jane Kauvar, Michael P. McCohany, and Clerk of Supreme Court[20]

- A complaint against an attorney, several Alaska state judges, and the undersigned judge[21]

- Notice of Removal in *Buscher v. Tangwall*, Fairbanks Superior Court Case No. 4FA-19-01974CI[22]

- Second Amended Complaint in *Tangwall v. Buscher,* Case No. 4:19-cv-00011-SLG[23]

- A complaint[24]

- Motion to Find Larry D. Compton, Trustee an Unlawful Litigant[25]

- Notice to Ruth Meier Clerk of Court to the Fourth Judicial District Fairbanks, Alaska[26]

- A complaint[27]

- Complaint for Declaratory Judgment and Damages against Larry D. Compton, William Wacker, and Barbara Wacker[28]

---

[19] Docket 58.

[20] Docket 59.

[21] Docket 60.

[22] Docket 61.

[23] Docket 76.

[24] Docket 77.

[25] Docket 78.

[26] Docket 79.

[27] Docket 84.

[28] Docket 86.

Case No. 4:18-cv-00007-SLG, *Tangwall v. Compton, et al.*
Notice of Intent to Enter Supplemental Vexatious Litigant Order        Page 6 of 16
Case 4:18-cv-00007-SLG   Document 123   Filed 05/18/20   Page 6 of 16

- Miscellaneous documents in *In Re Bertran*, No. 4:19-cv-00037-SLG[29]

- Motion for Rule to Show Cause as to why Todd D. Gunderson Should Not be Found in Contempt; Motion for Rule to Show Cause as to why Erik LeRoy Should Not Be Found in Contempt; Motion for Rule to Show Cause as to why Larry D. Compton, Trustee Should Not be Found in Contempt, and Motion to Find all Transactions Entered After August 17, 2012, in Margaret A. Bertran's Bankruptcy Case Number F-12-00510-GS Void Ab Initio and to Hold a Hearing to Establish Damages to the Parties in the Bankruptcy Estate of Margaret A. Bertran in *In Re Bertran*, No. 4:19-cv-00037-SLG[30]

- Opposition to Motion to Amend Docket 100 and Motion to Deny Larry D. Compton's and Cabot Christianson's Appearance Before This Court[31]

- Objection to Motion to Amend Docket 104 in *In Re Bertran*, No. 4:19-cv-00037-SLG[32]

- A complaint against Larry D. Compton and William R. Satterberg, Jr.[33]

- A complaint against Larry D. Compton, Cabot Christianson, the Law Offices of Cabot Christianson, Erik LeRoy, Gary Spraker, and Fred Corbit[34]

- A complaint against Paul R. Lyle[35]

- A complaint[36]

---

[29] Docket 87.

[30] Docket 100.

[31] Docket 104.

[32] Docket 108.

[33] Docket 115.

[34] Docket 117.

[35] Docket 118.

[36] Docket 119.

Case No. 4:18-cv-00007-SLG, *Tangwall v. Compton, et al.*
Notice of Intent to Enter Supplemental Vexatious Litigant Order　　　Page 7 of 16
Case 4:18-cv-00007-SLG   Document 123   Filed 05/18/20   Page 7 of 16

- Motion to Strike Orders Entered on March 20, 2020 Dockets #117, 118, 119 and to Set Aside Vexatious Litigant Order in Case Number 4:18-cv-0007-SLG[37]

- Response to Motion to Amend Dockets 117, 118 and 119 Filed with the Court on March 23, 2020 and Motion to Recuse Judge Sharon Gleason and Motion for Rule to Show Cause as to Why Gary Spraker, Cabot Christianson, Larry Compton and Erik LeRoy Should Not Be Held in Contempt of Court[38]

The Court denied all but one of Mr. Tangwall's filing attempts for failure to comply with the requirements of the Vexatious Litigant Order.[39] On the lone occasion where Mr. Tangwall abided by the requirements of the Vexatious Litigant Order, the Court accepted for filing his Motion to Reconsider Vexatious Litigant Order and Order of Dismissal.[40]

Mr. Tangwall appealed eight of this Court's orders denying his filings for failure to meet the requirements of the Vexatious Litigant Order.[41] The Ninth

---

[37] Docket 121.

[38] Docket 122.

[39] *See, e.g.*, Docket 37 (denying filing of proposed complaint for failure to include application seeking leave to file); Docket 45 (same).

[40] Docket 34.

[41] Docket 47 and Docket 52 (USCA No. 19-35457), Docket 49 and Docket 54 (USCA No. 19-35458), Docket 62 and Docket 68 (USCA No. 19-35655), Docket 65 and Docket 71 (USCA No. 19-35658), Docket 72 and Docket 73 (USCA No. 19-35717), Docket 80 and Docket 81 (USCA No. 19-35909), Docket 85, Docket 88, and Docket 90 (USCA No. 19-36043), Docket 89 and Docket 92 (USCA No. 19-36050). Mr. Tangwall also appealed the Vexatious Litigant Order itself; however, the Ninth Circuit dismissed the appeal as untimely. *See* Docket 41 (USCA No. 19-35397) and Docket 51 at 1–2.

Case No. 4:18-cv-00007-SLG, *Tangwall v. Compton, et al.*
Notice of Intent to Enter Supplemental Vexatious Litigant Order     Page 8 of 16
Case 4:18-cv-00007-SLG   Document 123   Filed 05/18/20   Page 8 of 16

Circuit dismissed five of his appeals as frivolous pursuant to 28 U.S.C. § 1915(e)(2),[42] and on December 18, 2019, concluded that Mr. Tangwall's "practice of burdening this court with meritless litigation justifies careful oversight of appellant's future litigation in this court."[43] On January 23, 2020, the Ninth Circuit entered a pre-filing order applicable to any notices of appeal filed pro se by Mr. Tangwall.[44]

In addition to Mr. Tangwall's numerous but deficient filings in his own name, he has seemingly enlisted other individuals and entities to make filings on his behalf. For example, on April 15, 2019, Mr. Tangwall's spouse, Barbara Tangwall, commenced an action alleging a deprivation of civil rights resulting from a non-judicial foreclosure of property.[45] On June 7, 2019, Barbara Tangwall filed an amended complaint, in which, along with other changes, she added Mr. Tangwall as a plaintiff.[46] The property in question was the Tangwalls' joint residence.[47] As

---

[42] Docket 94 (USCA No. 19-35717); Docket 95 (USCA No. 19-35658); Docket 96 (USCA No. 19-35655); Docket 97 (USCA No. 19-35458); Docket 98 (USCA No. 19-35457).

[43] Docket 107 at 2.

[44] *In Re: Donald A. Tangwall*, No. 4:19-80175, Docket 6 (9th Cir. Jan. 23, 2020).

[45] *Tangwall v. Buscher*, No. 4:19-cv-00011-SLG, Docket 1 at 1–3.

[46] *Tangwall v. Buscher*, No. 4:19-cv-00011-SLG, Docket 7.

[47] *Tangwall v. Buscher*, No. 4:19-cv-00011-SLG, Docket 7, at 3, ¶¶ 13–14.

Case No. 4:18-cv-00007-SLG, *Tangwall v. Compton, et al.*
Notice of Intent to Enter Supplemental Vexatious Litigant Order  Page 9 of 16
Case 4:18-cv-00007-SLG   Document 123   Filed 05/18/20   Page 9 of 16

a result of Mr. Tangwall's addition to the amended complaint, the Court ordered it struck for failure to comply with the Vexatious Litigant Order.[48]

In another instance, on August 5, 2019, Barbara Tangwall and Donna Uphues commenced an action alleging, among other things, a "conspiracy to sue husband and business associate of the plaintiffs."[49] Specifically, the plaintiffs alleged, among other things, that the defendants "conspired to sue and harass Donald Tangwall by suing the Plaintiffs."[50]

As a final example, on January 28, 2020, Halibut Trust commenced an action against Beverly Floerchinger alleging misrepresentations of the status of her company, Yukon Title Company, Inc.[51] Although the case was brought by Halibut Trust, Mr. Tangwall has been intimately involved in the action; not only does Mr. Tangwall allege that he is a trustee of Halibut Trust, he also submitted an affidavit in support of the plaintiff's opposition to a motion to dismiss, and he served the summons on the defendant.[52]

---

[48] *Tangwall v. Buscher*, No. 4:19-cv-00011-SLG, Docket 26 at 2.

[49] *Uphues v. Law Offices of William R. Satterberg*, No. 4:19-cv-00024-SLG, Docket 1 at 3–5, ¶¶ 13–28.

[50] *Uphues v. Law Offices of William R. Satterberg*, No. 4:19-cv-00024-SLG, Docket 1 at 4, ¶ 24.

[51] *Halibut Trust v. Floerchinger*, No. 4:20-cv-00005-SLG, Docket 1 at 1–2.

[52] *See* Docket 10 at 3–4, Docket 5 at 2.

Case No. 4:18-cv-00007-SLG, *Tangwall v. Compton, et al.*
Notice of Intent to Enter Supplemental Vexatious Litigant Order    Page 10 of 16
Case 4:18-cv-00007-SLG   Document 123   Filed 05/18/20   Page 10 of 16

In each of these instances, it appears to the Court that the plaintiffs are bringing actions on Mr. Tangwall's behalf and in his stead. The filings in these exemplary cases betray Mr. Tangwall's distinct form and style and the Court concludes that Mr. Tangwall—in some form or another—is controlling these litigations in an effort to access the Court without abiding by the Vexatious Litigant Order.

### C. Substantive Findings of Frivolousness or Harassment

The Court must examine the number and content of Mr. Tangwall's filings to determine whether they are frivolous and/or harassing. The Court previously concluded that Mr. Tangwall's "numerous and redundant filings, nearly all of which lack any basis in fact or law" provided "ample evidence to support findings of frivolousness and harassment."[53] The Court entered the Vexatious Litigant Order to ensure that any further filings made by Mr. Tangwall are not frivolous or harassing before involving other parties.

Mr. Tangwall has since shown himself to be unwilling to follow the Vexatious Litigant Order. Mr. Tangwall has demonstrated that he understands the requirements of the Vexatious Litigant Order and is able to comply with them—as evident from at least one of his filings—but he refuses to abide by them. He repeatedly makes filings unaccompanied by the required declaration representing

---

[53] Docket 31 at 6.

Case No. 4:18-cv-00007-SLG, *Tangwall v. Compton, et al.*
Notice of Intent to Enter Supplemental Vexatious Litigant Order  Page 11 of 16
Case 4:18-cv-00007-SLG   Document 123   Filed 05/18/20   Page 11 of 16

that the filings touch on matters that have never been raised and disposed of on the merits by any court, are made in good faith, and have some basis in fact. Moreover, he has circumvented the Vexatious Litigant Order entirely by engaging individuals and entities to make filings on his behalf. In those instances, the Court does not have an opportunity to consider the frivolousness of the matter before other parties must get involved. As such, Mr. Tangwall continues to cause needless expense of time and money by the parties and the Court.

The Court concludes that Mr. Tangwall's dozens of inadequate filings along with the filings made by others on his behalf provide evidence to support findings of frivolousness and harassment, as do the Ninth Circuit's numerous decisions dismissing Mr. Tangwall's appeals of this Court's orders as frivolous. Accordingly, the Court makes a substantive finding of frivolousness and harassment as to Mr. Tangwall's litigation activities, including those activities initiated by other individuals or entities directly or indirectly controlled by Mr. Tangwall.

**D. Tailor the Vexatious Order Narrowly**

In light of the foregoing, the Court finds that the Vexatious Litigant Order has been too narrowly tailored to properly address Mr. Tangwall's wrongful conduct. [54]

---

[54] At the June 29, 2018 hearing on Defendant's Motion to Declare Donald Tangwall a Vexatious Litigant and Require Pre-Filing Order for Him to File Any Pleadings, counsel for Defendant proposed a vexatious litigant order that would cover any entities or persons directly or indirectly controlled by Mr. Tangwall, including any family members. Because Mr. Tangwall did not have notice of the proposed expansion, the Court did not include it in the current Vexatious Litigant Order. However, given Mr. Tangwall's ongoing conduct, the Court intends to enter the Supplemental Vexatious Litigant Order to include any such

Case No. 4:18-cv-00007-SLG, *Tangwall v. Compton, et al.*
Notice of Intent to Enter Supplemental Vexatious Litigant Order  Page 12 of 16
Case 4:18-cv-00007-SLG   Document 123   Filed 05/18/20   Page 12 of 16

Mr. Tangwall continues to act as a vexatious litigant by attempting to make numerous and repetitive filings that do not comply with the Vexatious Litigant Order and by directly or indirectly controlling litigations brought by other individuals and entities. Although the Vexatious Litigant Order aims to address the former conduct, it does not address the latter. Accordingly, the Court notifies the parties of its intent to enter a Supplemental Vexatious Litigant Order, which will extend to any person or entity directly or indirectly controlled, in whole or in part, by Donald Tangwall, including any members of his family ("Tangwall Entity").[55]

## **CONCLUSION**

Based on the evidence presented above, the Court finds as follows:

1. Each Tangwall Entity is a vexatious litigant.

2. A Supplemental Vexatious Litigant Order, if entered, would not block any Tangwall Entity's access to the judicial system; rather, it is intended to ensure that

---

person or entity.

[55] The Court notes that other courts have entered vexatious litigant orders against Mr. Tangwall that likewise apply to entities or persons within his control. For instance, the Bankruptcy Court for the District of Alaska prohibited Mr. Tangwall and "any entity directly or indirectly controlled, in whole or in part, by Donald A. Tangwall" from filing anything without prior express permission. *In re Bertran*, No. 12-00501-FC, Docket 265 (May 3, 2017). Similarly, the District Court for the District of Montana's screening order against Mr. Tangwall applies to "any other corporation, trust, or other legal entity acting under the direction of Donald Tangwall . . . or any other individual acting under the direction of Donald Tangwall"). *See Tangwall v. Wacker*, No. 18-cv-165-BLG-SPW, 2019 WL 4746742, at *9 (D. Mont. Sept. 30, 2019)).

Case No. 4:18-cv-00007-SLG, *Tangwall v. Compton, et al.*
Notice of Intent to Enter Supplemental Vexatious Litigant Order  Page 13 of 16
Case 4:18-cv-00007-SLG   Document 123   Filed 05/18/20   Page 13 of 16

any potential filing made by any Tangwall Entity in the District of Alaska is not frivolous and is filed in good faith, prior to involving other parties.

Therefore, the Court gives notice of its intent to enter a Supplemental Vexatious Litigant Order, unless **within 28 days** of this notice, Mr. Tangwall files a response to this notice that demonstrates to this Court that the supplement is unwarranted or unnecessary.[56] If Mr. Tangwall does not respond **within 28 days**, the Court will enter the following order without further notice:

1. Each Tangwall Entity is permanently enjoined from filing any complaints, pleadings, or other documents in this Court without obtaining express prior written permission of this Court.[57]

2. Such permission may be obtained by attaching to any proposed complaint, pleading, or other filing a document captioned "Application Seeking Leave to File" ("Application"). The Application MUST be supported by a declaration under penalty of perjury signed by a representative of the Tangwall Entity stating: (1) that the matters

---

[56] Due to the coronavirus pandemic, by Miscellaneous General Order 20-11, the District of Alaska imposed a stay on all civil matters for 30 days, effective March 30, 2020. The District of Alaska subsequently extended that stay until June 1, 2020. *See* Miscellaneous General Order 20-13. The undersigned judge, presiding in this matter, hereby lifts the stay in this case for entry of this notice and any responses from the parties. *See* Miscellaneous General Order 20-13. However, the parties may move or stipulate to extend any filing deadlines.

[57] This order does not apply to a notice of appeal of this order or any other final orders issued by the U.S. District Court for the District of Alaska.

Case No. 4:18-cv-00007-SLG, *Tangwall v. Compton, et al.*
Notice of Intent to Enter Supplemental Vexatious Litigant Order  Page 14 of 16
Case 4:18-cv-00007-SLG   Document 123   Filed 05/18/20   Page 14 of 16

asserted in the complaint, pleading, or other filing have never been raised and disposed of on the merits by any court; (2) that the claim or claims are not frivolous, or made in bad faith, or made for purposes of harassment; and (3) that the Tangwall Entity has conducted a reasonable investigation of the facts, and its investigation supports the claims or allegations.[58] In addition, a copy of this order shall be attached to any Application. The Application, a copy of this order, and the proposed document may be mailed or delivered directly to the Clerk's Office of the United States District Court for the State of Alaska. Upon receipt of the Application, the Clerk's Office shall file and docket the Application <u>only</u> and then receive-stamp the underlying documents. The Clerk's Office shall then promptly forward the Application and proposed filing to Judge Sharon L. Gleason for her review. Unless directed otherwise by the Court, counsel or other parties to the case shall not file any response or reply to the Application.

3. If any Tangwall Entity fails to follow the terms of this order and attempts to file complaints, pleadings, or other documents without the Application, the Clerk's Office shall <u>only</u> receive-stamp the materials and send them to Judge Sharon L. Gleason for her review. The

---

[58] *See generally* Fed. R. Civ. P. 11(b).

Case No. 4:18-cv-00007-SLG, *Tangwall v. Compton, et al.*
Notice of Intent to Enter Supplemental Vexatious Litigant Order  Page 15 of 16
Case 4:18-cv-00007-SLG   Document 123   Filed 05/18/20   Page 15 of 16

materials should not be filed with the Court; however, it should be noted on the docket of the case that the materials have been sent to Judge Sharon L. Gleason for her consideration.

4. This Court will disapprove and deny the filing of any proposed complaint, pleading, or other document, which fails to include the preceding information, as required by this order, or which fails to otherwise set forth substantive arguments based on federal or state law, or which fails to follow the rules of the Federal Rules of Civil Procedure and the local rules adopted by the Alaska District Court.

5. Failure to comply with this order will be sufficient grounds to deny any Application made by any Tangwall Entity.

6. The Court retains jurisdiction over Donald Tangwall and each Tangwall Entity to ensure compliance with this order.

7. This order does not replace the Vexatious Litigant Order entered in this case at Docket 31, which remains in effect.

DATED this 18th day of May, 2020 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 4:18-cv-00007-SLG, *Tangwall v. Compton, et al.*
Notice of Intent to Enter Supplemental Vexatious Litigant Order    Page 16 of 16
Case 4:18-cv-00007-SLG   Document 123   Filed 05/18/20   Page 16 of 16