# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

DONALD TANGWALL,

        Plaintiff,

  v.

BANKRUPTCY TRUSTEE LARRY COMPTON, *et al.*,

        Defendants.

Case No. 4:18-cv-00007-SLG

## SUPPLEMENTAL VEXATIOUS LITIGANT ORDER

On October 3, 2018, this Court granted Defendant Bankruptcy Trustee Larry Compton's Motion to Declare Donald Tangwall a Vexatious Litigant and Require Pre-Filing Order for Him to File Any Pleadings.[1] After reviewing Mr. Tangwall's extensive litigation history in this Court and elsewhere, the Court found that "Donald Tangwall (a/k/a Don Tangwall, Donald A. Tangwall, Tangwall), in his individual capacity and in his capacity as trustee, former trustee, or trust protector for the Toni 1 Trust, is a vexatious litigant."[2] The Court ordered that Mr. Tangwall be "permanently enjoined from filing any complaints, pleadings, or other

---

[1] Docket 31 (Vexatious Litigant Order).

[2] Docket 31 at 10.

documents in this Court without obtaining express prior written permission of this Court."[3]

Since the issuance of the original Vexatious Litigant Order at Docket 31, Mr. Tangwall repeatedly failed to abide by the Court's order. Mr. Tangwall continued to make numerous filings that were not in conformance with the requirements of the Vexatious Litigant Order and he used other individuals and entities to make filings on his behalf to circumvent the Vexatious Litigant Order entirely.[4]

On May 18, 2020, the Court issued a Notice of Intent to Enter Supplemental Vexatious Litigant Order.[5] In accordance with the All Writs Act, 28 U.S.C. § 1651(a) and the corresponding case law,[6] the Court gave Mr. Tangwall notice and an opportunity to oppose a supplemental vexatious litigant order. Additionally, the Court compiled a record of the repeated filings by Mr. Tangwall, his associates, and other legal entities since the Vexatious Litigant Order[7]; made substantive

---

[3] Docket 31 at 10.

[4] *See Tangwall v. Compton, et al.,* Case No. 4:18-cv-00007-SLG, Dockets 33, 37, 38, 40, 45, 46, 58, 59, 60, 61, 76, 77, 78, 79, 84, 86, 87, 100, 104, 108, 115, 117, 118, 119, 121 and 122; *see also Tangwall v. Buscher*, Case No. 4:19-cv-00011-SLG; *Uphues v. Law Offices of William R. Satterberg,* Case No. 4:19-cv-00024-SLG; *Halibut Trust v. Floerchinger*, Case No. 4:20-cv-00005-SLG.

[5] Docket 123.

[6] *Ringgold-Lockhart v. Cty. of L.A.*, 761 F.3d 1057, 1061 (9th Cir. 2014) (citing *DeLong v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990)).

[7] Docket 123 at 4-11.

Case No. 4:18-cv-00007-SLG, *Tangwall v. Compton, et al.*
Supplemental Vexatious Litigant Order                                Page 2 of 6
Case 4:18-cv-00007-SLG   Document 138   Filed 11/30/20   Page 2 of 6

findings of frivolousness and harassment[8]; and tailored the scope of a future order to address Mr. Tangwall's continued wrongful conduct, by any person or entity directly or indirectly controlled, in whole or in part, by Donald Tangwall, including any members of his family ("Tangwall Entity").[9]

Specifically, the Court gave notice of its intent to find: (1) each Tangwall Entity is a vexatious litigant; (2) a Supplemental Vexatious Litigant Order, if entered, would not block any Tangwall Entity's access to the judicial system; rather, and would ensure that any potential filing made by any Tangwall Entity in the District of Alaska is not frivolous and is filed in good faith, prior to involving other parties.[10] The Court gave Mr. Tangwall 28 days to respond to the notice.[11] No response was filed.[12]

---

[8] Docket 123 at 11-12.

[9] Docket 123 at 12-13; The Court notes that other courts have entered vexatious litigant orders against Mr. Tangwall that likewise apply to entities or persons within his control. For instance, the Bankruptcy Court for the District of Alaska prohibited Mr. Tangwall and "any entity directly or indirectly controlled, in whole or in part, by Donald A. Tangwall" from filing anything without prior express permission. In re Bertran, No. 12-00501-FC, Docket 265 (May 3, 2017). Similarly, the District Court for the District of Montana's screening order against Mr. Tangwall applies to "any other corporation, trust, or other legal entity acting under the direction of Donald Tangwall . . . or any other individual acting under the direction of Donald Tangwall"). See Tangwall v. Wacker, No. 18-cv-165-BLG-SPW, 2019 WL 4746742, at *9 (D. Mont. Sept. 30, 2019)).

[10] Docket 123 at 13-14.

[11] Docket 123 at 14.

[12] *See Tangwall v. Compton, et al.,* Case No. 4:18-cv-00007-SLG.

Case No. 4:18-cv-00007-SLG, *Tangwall v. Compton, et al.*
Supplemental Vexatious Litigant Order  Page 3 of 6
Case 4:18-cv-00007-SLG   Document 138   Filed 11/30/20   Page 3 of 6

Accordingly, the Court now enters the following Supplemental Vexatious Litigant Order:

IT IS ORDERED as follows:

1. Each Tangwall Entity (as defined above) is permanently enjoined from filing any complaints, pleadings, or other documents in this Court without obtaining express prior written permission of this Court.[13]

2. Such permission may be obtained by attaching to any proposed complaint, pleading, or other filing a document captioned "Application Seeking Leave to File" ("Application").  The Application MUST be supported by a declaration under penalty of perjury signed by a representative of the Tangwall Entity stating: (1) that the matters asserted in the complaint, pleading, or other filing have never been raised and disposed of on the merits by any court; (2) that the claim or claims are not frivolous, or made in bad faith, or made for purposes of harassment; and (3) that the Tangwall Entity has conducted a reasonable investigation of the facts, and its investigation supports the claims or allegations.[14]  In addition, a copy of this order shall be attached to any Application.  The Application, a copy of this order, and the

---

[13] This order does not apply to a notice of appeal of this order or any other final orders issued by the U.S. District Court for the District of Alaska.

[14] *See generally* Fed. R. Civ. P. 11(b).

Case No. 4:18-cv-00007-SLG, *Tangwall v. Compton, et al.*
Supplemental Vexatious Litigant Order                                              Page 4 of 6
Case 4:18-cv-00007-SLG   Document 138   Filed 11/30/20   Page 4 of 6

proposed document may be mailed or delivered directly to the Clerk's Office of the United States District Court for the State of Alaska. Upon receipt of the Application, the Clerk's Office shall file and docket the Application <u>only</u> and then receive-stamp the underlying documents. The Clerk's Office shall then promptly forward the Application and proposed filing to Judge Sharon L. Gleason for her review. Unless directed otherwise by the Court, counsel or other parties to the case shall not file any response or reply to the Application.

3. If any Tangwall Entity fails to follow the terms of this order and attempts to file complaints, pleadings, or other documents without the Application, the Clerk's Office shall <u>only</u> receive-stamp the materials and send them to Judge Sharon L. Gleason for her review. The materials should not be filed with the Court; however, it should be noted on the docket of the case that the materials have been sent to Judge Sharon L. Gleason for her consideration.

4. This Court will disapprove and deny the filing of any proposed complaint, pleading, or other document, which fails to include the preceding information, as required by this order, or which fails to otherwise set forth substantive arguments based on federal or state law, or which fails to follow the rules of the Federal Rules of Civil Procedure and the local rules adopted by the Alaska District Court.

Case No. 4:18-cv-00007-SLG, *Tangwall v. Compton, et al.*
Supplemental Vexatious Litigant Order                                    Page 5 of 6
Case 4:18-cv-00007-SLG   Document 138   Filed 11/30/20   Page 5 of 6

5. Failure to comply with this order will be sufficient grounds to deny any Application made by any Tangwall Entity.

6. The Court retains jurisdiction over Donald Tangwall and each Tangwall Entity to ensure compliance with this order.

7. This order does not replace the Vexatious Litigant Order, which remains in effect.

**IT IS SO ORDERED.**

DATED this 30th day of November, 2020 at Anchorage, Alaska.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

Case No. 4:18-cv-00007-SLG, *Tangwall v. Compton, et al.*
Supplemental Vexatious Litigant Order                                Page 6 of 6
Case 4:18-cv-00007-SLG   Document 138   Filed 11/30/20   Page 6 of 6