IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DONALD TANGWALL,<br><br>    Plaintiff,<br><br>  v.<br><br>LARRY D. COMPTON,<br><br>    Defendant. | <br><br><br><br><br><br>Case No. 4:18-cv-00007-SLG |

## ORDER RE ATTEMPTED FILINGS BY DONALD TANGWALL

Donald Tangwall has recently attempted to file the following:

- On June 24, 2024, a complaint against William R. Satterberg, Jr., *et al.*;

- On July 8, 2024, a motion requesting permission to file a motion for reconsideration;

- On July 8, 2024, a motion for reconsideration to allow a complaint against Willaim R. Satterberg, Jr. and Brent E. Bennett;

- On July 15, 2024, a complaint against Sayer Law Group, PC, *et al.*

Because the attempted filings appear to have been signed by Mr. Tangwall, pursuant to the Vexatious Litigant Order entered by this Court at Docket 31 in this case, the Clerk of Court forwarded the proposed filings to the undersigned judge for review.[1]

---

[1] *See also* Supplemental Vexatious Litigant Order entered in this case at Docket 138 and Supplemental Order to Order of Dismissal Pursuant to Supplemental Vexatious Litigant Order at Docket 32 of Case No. 4:22-cv-00016-SLG.

Unlike most of the documents that Mr. Tangwall has attempted to file with the District of Alaska, Mr. Tangwall included with some of these recent filings an Affidavit setting forth the information consistent with an Application Seeking Leave to File as required by the Vexatious Litigant Order. However, Mr. Tangwall is warned that future applications seeking leave to file must contain the language that they are singed "**under penalty of perjury**," as the Court intends to refer any false statements in the application to the U.S. Attorney's Office for prosecution as warranted. Pursuant to that order, therefore, the Court will now review the proposed filings that contain an application to determine whether they are not frivolous and are filed in good faith.[2] The Court will apply the screening standard that federal law requires a court to conduct when a self-represented litigant seeks to proceed as a plaintiff in a civil lawsuit in federal court without paying the filing fee.[3]

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.[4]

To determine whether a complaint states a valid claim for relief, a court is to consider whether the complaint contains sufficient factual matter that, if accepted as

---

[2] Docket 31 at 10-11.

[3] *See, e.g., Lopez v. Smith*, 203 F3d 1122, 1126 & n.7 (9th Cir. 2000).

[4] 28 U.S.C. § 1915(e)(2)(B).

Case No. 4:18-cv-00007-SLG, *Tangwall v. Compton*
Order re Attempted Filings by Donald Tangwall
Page 2 of 5

true, "state[s] a claim to relief that is plausible on its face."[5] Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[6] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[7] A complaint is insufficiently pled if it offers "naked assertions devoid of further factual enhancement."[8] In conducting its screening review, a court must liberally construe a self-represented plaintiff's complaint and give the plaintiff the benefit of the doubt.[9] Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[10] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[11]

---

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)).

[6] Fed. R. Civ. P. 8(a)(2).

[7] *Ashcroft*, 556 U.S. at 678 (citing *Bell Atlantic Corp.*, 550 U.S. at 555).

[8] *Id.* (internal quotation marks and citation omitted).

[9] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[10] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[11] *See Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (citation omitted).

Case No. 4:18-cv-00007-SLG, *Tangwall v. Compton*
Order re Attempted Filings by Donald Tangwall
Page 3 of 5
Case 4:18-cv-00007-SLG   Document 274   Filed 08/08/24   Page 3 of 5

With respect to each of the attempted filings, the Court rules as follows:

1. June 24, 2024 Attempted Filing—*Tangwall v. Satterberg, et al.*

A review of this proposed complaint demonstrates that it is frivolous, two defendants are immune, and it fails to state a viable claim for relief. It seeks to pursue a claim against a state court judge, who has absolute immunity, a state court clerk, who also has absolute immunity, and a lawyer who allegedly resides in the Northern Marianna Islands, based on an allege failure of the Fairbanks court personnel to give Mr. Tangwall a copy of the November 7, 2018 screening order entered against him. As is made clear with Mr. Tangwall's motion to reconsider that Mr. Tangwall attempted to file on July 8, 2024, he appended a copy of the screening order he sought in the June 24, 2024 attempted filing.

2. July 8, 2024 Attempted Filings—Motion for Reconsideration and Motion for Leave to File Motion for Reconsideration

These attempted filings are rejected because they did not comply with the Vexatious Litigant Order, as no Application Seeking Leave to File was appended. Further, reconsideration of the June 24, 2024 attempted filing is unwarranted.

3. July 15, 2024 Attempted Filing—Complaint against Sayer PC and Denali State Bank

This attempted filing is rejected for the same reasons that the Court rejected these claims in it orders of April 2024 at Docket 267 and June 2024 at Docket 269. And the statement in Mr. Tangwall's affidavit of July 15, 2024, that "the matter stated

Case No. 4:18-cv-00007-SLG, *Tangwall v. Compton*
Order re Attempted Filings by Donald Tangwall
Page 4 of 5
Case 4:18-cv-00007-SLG   Document 274   Filed 08/08/24   Page 4 of 5

in the instant complaint has never been raised and disposed of on the merits of any court" is flatly contradicted by the public record in both the federal and state courts.

For the foregoing reasons, IT IS ORDERED that all these recent attempted filings are REJECTED for filing. IT IS FURTHER ORDERED that the Clerk's Office shall promptly send to Mr. Tangwall a copy of this order.

DATED this 8th day of August, 2024 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 4:18-cv-00007-SLG, *Tangwall v. Compton*
Order re Attempted Filings by Donald Tangwall
Page 5 of 5
Case 4:18-cv-00007-SLG   Document 274   Filed 08/08/24   Page 5 of 5